UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TROY LYNN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV19 SNLJ |
| | ) | |
| SCOTT COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for leave to proceed in forma pauperis and civil complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(e), the Court is required to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the complaint, the Court finds that it is frivolous and must be dismissed.

Plaintiff is a civil detainee at the Southeast Missouri Mental Health Center's Sexual Offender Rehabilitation and Treatment Services (SORTS). On March 19, 2004, plaintiff was found to be a sexually violent predator by a jury in probate court. Troy Spencer Sexual Predator, Case No. 33P040100018 (accessed on Case.net). Plaintiff alleges that he has undergone yearly review of his status as an SVP by a psychiatrist, who found that his pedophilia had not changed. Plaintiff believes that the psychological reports violate his constitutional rights because they discuss his medical history. And he claims that defendants, who are all judges, violated his constitutional rights by denying his requests to be released from confinement. The allegations regarding the violations of his constitutional rights are wholly conclusory and fail to state any facts, which if proved, would entitle him to relief.

Plaintiff is not entitled to monetary or declaratory release because defendants are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Absolute immunity bars not only Plaintiff's § 1983 claim for damages but also his claims for injunctive relief. Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff has not alleged or shown that a declaratory decree was violated or that declaratory relief is unavailable. As a result, this action is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 11th Day of February, 2015.

        STEPHEN N. LIMBAUGH, JR.
        UNITED STATES MAGISTRATE JUDGE